**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LINDA RAYLENE HOLLEY,
*formerly known as*
LINDA HOLLEY KAPRAL

**Plaintiff,**

vs.                                                    **No. CIV-10-179 MV/WDS**

COLDWELL BANKERS, LOTA REALTY, INC.,
PAGE SULLIVAN REAL ESTATE BROKERAGE and
ROGER PATTISON,

**Defendants.**

**ORDER GRANTING PLAINTIFF'S MOTION**
**TO AMEND JSR AND CASE MANAGEMENT DEADLINES**

This matter comes before the Court on Plaintiff's Motion to Vacate Existing Order Adopting Joint Status Report & Provisional Discovery Plan & Scheduling Order ( hereinafter "JSR") (Doc. No. 52). Plaintiff, originally *pro se*, participated in the preparation process for the JSR. The JSR addressed amendment of pleadings and Plaintiff's intention to file an amended complaint. Subsequently, Plaintiff obtained counsel who filed an amended complaint adding Defendant Wheeler Peak LLC. While there were procedural issues surrounding the actual filing of the amended complaint, ultimately it was accepted by the Court. The amended complaint, for reasons not controlling here, was not served on Wheeler Peak until December 2010. Given the lapse of time since the original JSR and the late addition of an additional defendant, Plaintiff moves to vacate the JSR and reset all deadlines. Defendant Page Sullivan Real Estate Group, Inc. is the only defendant to object and their objection is limited to any order allowing Plaintiff a new date to disclose experts. Defendant Page Sullivan noted that Plaintiff failed to identify an expert within the time specified in the original JSR.

The Court finds that good cause exists to grant the motion in its entirety.  The failure to identify experts is excusable under the circumstances.  Defendant Page Sullivan alleges prejudice inasmuch as they have identified an expert, and had Plaintiff identified an expert by the original date it would have had the benefit of Plaintiff's expert's disclosures before disclosing its expert.  The Court does not find prejudice.  The new JSR will contain amended deadlines for production of plaintiff and defense experts and Defendant Page Sullivan will be able to amend its expert report, if necessary, before that deadline.

IT IS THEREFORE ORDERED that  Plaintiff's Motion to Vacate Existing Order Adopting Joint Status Report & Provisional Discovery Plan & Scheduling Order (Doc. No. 52) is hereby granted.  The original JSR is vacated and the parties shall meet and confer on a new JSR within 15 days of the answer by Defendant Wheeler Peak, LLC.  The Court by separate order will set a scheduling conference once that Answer has been filed.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE